By the Court.
This is an original action in this court and the relator, Edgar W. Cist, seeks a *355 writ of mandamus commanding the defendants “to set and run the clocks and other time-pieces which are in and upon all public buildings in and under their custody and control, maintained at public expense, and to regulate all public offices and legal and official proceedings under their control, according to the time of the ninetieth meridian of longitude west of Greenwich as required by law.”
The issue presented is made by a demurrer to the amended petition. It is disclosed that an ordinance of the city of Cincinnati was duly passed, wherein it was provided that there should be submitted to the qualified electors of the city of Cincinnati at a primary election held April 27, 1920, the question of establishing in the city of Cincinnati from 2 o’clock, A. M., of the last Sunday in April, to 2 o’clock, A. M., of the last Sunday in September, a standard of time which should be that of the seventy-fifth meridian of longitude west from Greenwich, and from the last Sunday of September to the last Sunday in April a standard of time one hour later than that of the seventy-fifth meridian of longitude west from Greenwich.
It was therein further provided that if a majority of the electors voting upon the question at said primary voted in favor thereof all municipal offices and legal proceedings of the city of Cincinnati should be regulated by such standard of time, and that when by ordinance or resolution of council or action of any municipal officer or board an act must be performed at or within a prescribed time it shall be so performed according to said standard of time.
*356 At said election a majority of the votes cast were in favor of the establishment of the standard as proyided in said ordinance; and the defendants thereafter proceeded to set and run the clocks in and upon the public buildings of the city in accordance therewith. It is contended that said ordinance is invalid for the reason that it is contrary to the statutes and constitution of the state of Ohio.
The question submitted is not' one of policy but of power; not one of relative convenience or inconvenience to those affected thereby, but only of authority of the municipality to enact and put in operation the ordinance in question.
The ordinance is.in conflict with the provisions of Sections 5979 and 5980, General Code, but the question presented is whether or not the municipality is authorized and empowered to enact and enforce the same by virtue of Section 3, Article XVIII, commonly known as the home-rule amendment to the constitution.
It is to be observed that by the provisions of the ordinance enacted it is attempted only to require that the purely municipal affairs of the city shall be regulated by the standard of time thus adopted. The mere, statement of the purpose and effect of the ordinance shows that it has to do only with the details of local government and purports only to prescribe a standard of time which shall apply to required acts of any board or officer of the municipality.
This is clearly ■ authorized by the provisions of Section 3, Article XVIII of the Constitution. The ordinance has and can have application only to mat *357 ters coming within the express power thereby delegated to and conferred upon the municipality. It prescribes the standard of time in accordance with which its own local offices and purely municipal' transactions shall be operated and regulated. It must be conceded that the standard of time prescribed by the law of the state governs and controls as to all matters except those having to do solely with local governmental action and procedure.
Thus limited in its operation and effect we deem the provisions of the ordinance valid, and refuse the prayer for a writ of mandamus.

Demurrer sustained.

Nichols, C. J., Jones, Matthias, Johnson, Wanamakee, Robinson and Merrell, JJ., concur.